GEORGE A. HOAGLAND, APPELLEE, v. LUSK BROS. ET AL., APPELLANTS.

[FILED NOVEMBER 5, 1891.]

1. **Mechanics' Liens:** PARTNERSHIP. A partnership composed of three persons erected a building upon a lot owned by two of the partners. The partners holding the legal title of the lot, contracted in the name of the firm for the materials used in the construction of the building. In an action by the material-man to foreclose his lien it was *held*, that the lien attached to the lot and building thereon.

2. ——: NOT WAIVED BY TAKING DEBTOR'S NOTE. A mechanic's lien is not lost nor waived by the taking of the note of debtor for the balance due on their account, nor in such case by giving to the latter a receipt as in full for the demand.

3. ——: ACCEPTANCE OF COLLATERAL SECURITY. The acceptance by a material-man of a note and chattel mortgage as collateral security for materials, previously furnished for the erection of a building under a contract with the owner is not a waiver of the lien of the material-man, unless such was the intention of the parties.

APPEAL from the district court for Saline county. Heard below before MORRIS, J.

*Hastings & McGintie,* for appellants:

If security and note are taken expressly as payment, a lien for the account is lost, notwithstanding the statute. (*McCoy v. Quick,* 30 Wis., 521; *Crooks v. Finney,* 39 O. St., 57; *Rose v. Persse,* 29 Conn., 256; 2 Jones, Liens,

1518, 1519.)  Security accepted as payment waives the lien.  (*Kinzey v. Thomas*, 28 Ill., 502; 2 Jones, Liens, 1518, 1519.)

*Dawes & Foss*, and *Palmer & Hendee*, *contra*, cited: *Wheeler v. Plattsmouth*, 7 Neb., 279; *Webster v. Wray*, 17 Id., 581; *Wilson v. Beardsley*, 20 Id., 451; *Stadleman v. Fitzgerald*, 14 Id., 293.

NORVAL, J.

This suit was brought in the court below by the appellee to foreclose a mechanic's lien.  Cross-petitions were filed by E. I. Ferguson and the Combination Gas Machine Company.  A decree of foreclosure was entered which gave E. I. Ferguson a first lien for the sum of $2,566.87, and the plaintiff a second lien for the sum of $363.64.  The cross-petition of the Combination Gas Machine Company was dismissed.  The defendant Henry S. Ferguson appeals from so much of the decree as allowed to plaintiff a mechanic's lien.

The appellant insists that the plaintiff was not entitled to a mechanic's lien because the materials were not furnished under any contract with the owner of the premises. The materials were sold by the plaintiff to Lusk Bros. & Co. for the construction of a brick building upon lot 146, in the town of Friend.  The firm consisted of Abner P. Lusk, William S. Lusk, and Joseph G. Boynton.  At the time the materials were sold and delivered the Lusks were the owners of the lot.  The materials were furnished and the building erected with the knowledge and consent of the owners of the legal title of the lot.  In fact the undisputed evidence is that the Lusks personally contracted for the material on behalf of the firm.  This was sufficient to subject their interest in the property to the operation of the mechanic's lien.

Did the appellee, prior to the purchase of the premises

by the appellants, release all right and claim to a lien? On October 30, 1887, the defendant E. I. Ferguson loaned to Abner P. and William S. Lusk $2,250 on sixty days time, and as security for the payment of the same took a mortgage on the lot. At that time the building was nearly completed and plaintiff was entitled to file a lien in the sum of $680.32, the same being the balance due for materials furnished, but had not yet done so. Ferguson refused to pay out the money on the loan with the plaintiff's right to a first lien still existing. After some negotiations the plaintiff finally agreed that on the payment of $250.32, and on Lusk Bros. & Co. giving their note for $430, he would accept the same and release his right to claim a lien prior to the mortgage. The money was paid over out of the proceeds of the loan, and the note was executed and delivered on November 2. The plaintiff gave a receipt in full of the account and relinquished all right of lien on the property. This receipt was delivered to Ferguson at the time he paid the money to B. F. Rengler, the manager of the plaintiff's business at Friend, who executed the receipt on behalf of the plaintiff. The receipt being either lost or misplaced, it could not be produced at the trial. While Rengler's testimony is to the effect that he did not give such a paper, the evidence to the contrary is overwhelming.

It is obvious that E. I. Ferguson having made the loan on the property on the faith of the plaintiff's agreement to waive or relinquish his right to a lien, the plaintiff could not afterwards be permitted to assert it to the prejudice of said mortgagee. The giving to Mr. Ferguson the first lien for the amount due on his mortgage, clearly indicates that the trial court applied the doctrine of equitable estoppel. Manifestly this was right and proper. We are satisfied from a careful perusal of the evidence that it was not the intention of any of the parties that the plaintiff, by the giving of the receipt, relinquished all right to claim a

lien, but that his lien, when acquired, should be postponed to Ferguson's mortgage. The plaintiff's account for materials furnished was not paid in full, a note being taken for a part thereof. Neither the accepting of the note, nor the giving of the receipt as in full payment for the demand, was an abandonment of his right to perfect a lien. (*Van Court v. Bushnell*, 21 Ill., 624; *Brady v. Anderson*, 24 Id., 110; *Goble v. Gale*, 7 Blackford [Ind.], 218; *Paddock v. Stout*, 13 N. E. Rep. [Ill.], 183; *Jones v. White*, 12 S. W. Rep. [Tex.], 179.)

The doctrine of estoppel cannot be invoked in favor of the appellant Henry S. Ferguson, for the obvious reason that there is not a line of testimony to show that he was induced to take a deed of the property by reason of the giving of the receipt by the plaintiff, or that the grantee in the deed had any knowledge that such a receipt was ever given, nor was he in any manner led to believe from any act of the plaintiff that it was the intention upon the plaintiff's part to waive or relinquish his lien. While on the other hand the plaintiff's sworn statement of lien being upon record when the deed was made, the purchaser was chargeable with notice thereof, and the title thus acquired was subject to plaintiff's rights in the property.

In January the firm of Lusk Bros. & Co. failed. At that time the plaintiff took a note executed by William S. Lusk, secured by chattel mortgage on some potatoes, as collateral security of the plaintiff's claim. The potatoes were subsequently sold under the mortgage and the proceeds applied towards the payment of the plaintiff's demand. The note and chattel mortgage were not accepted by the plaintiff as payment, but simply as additional and collateral security, without any intention to waive the lien given by statute. The taking of the security did not affect the lien. Upon this proposition there is an irreconcilable conflict in the authorities. The rule which we have stated is, we think, sustained by the better reason. (*Ford v. Wilson*, 11

S. E. Rep. [Ga.], 559; *Howe et al. v. Kindred*, 44 N. W.
Rep. [Minn.], 311; *Hinchman v. Lybrand*, 14 Serg. & R.
[Pa.], 32; *Montandon v. Deas*, 14 Ala., 33.)   The judg-
ment of the district court is

AFFIRMED.

THE other judges concur.