B. P. FINLEY, Appellant, v. E. H. WEST *et al.,* Respondents.

**Kansas City Court of Appeals, December 5, 1892.**

1. **Mechanics' Liens: JURAT TO LIEN: AFFIDAVIT UNSIGNED.** The fact that the jurat to the affidavit to the lien account is not signed by the officer through oversight ought not to nullify the paper, and he should be permitted to attach his signature.

2. ———: **AFFIDAVIT ON BELIEF.** An affidavit on belief of the affiant is a substantial compliance with the lien law.

3. ———: **UNSIGNED JURAT: EVIDENCE: PRACTICE.** Where the jurat is unsigned, it is proper to prove that the affidavit was, in fact, properly sworn to, preliminary to the offer to attach the officer's signature.

*Appeal from the Clay Circuit Court.*—HON. D. C. ALLEN, Special Judge.

REVERSED AND REMANDED.

*Lincoln & McClelland,* for appellant.

(1) The statute does not require an affidavit; it only demands the statement shall be verified by oath. *Laswell v. Church,* 46 Mo. 279. (2) The oath was made, and that was all plaintiff was required to do. The failure of the notary to attach a proper certificate of that fact does not, and should not, deprive plaintiff from showing at the trial, by parol evidence, the oath was made before the paper was filed in the clerk's office. 46 Mo., *supra; Bergesch v. Keeville,* 19 Mo. 127; Phillip on Mechanics' Liens [2 Ed.] sec. 297, pp. 490, 491. If no form of verification is prescribed by the statute, it "should be in substance what is usual in other leading proceedings." Phillips on Mechanics' Liens, sec. 366*a,* p. 598; 2 Jones on Liens, sec. 1452, p. 370, note 2;

*Smith v. Ponoth*, 17 Mo. App. 262, 264. In the two cases last above referred to, there was no certificate that the oath had been made, and the court permitted oral evidence to prove that the oath was made. (3) "Where an oath, not required to be in writing, is written, the omission of the officer's attestation does not invalidate it." *Pottsville v. Curry*, 32 Pa. St. 443. Our statute does not require it to be in writing. *Kruse v. Wilson*, 79 Ill. 233. (4) The statement, "he believes," is sufficient. The oath in 46 Mo. 281, was, "to the best of his knowledge and belief," and this was held to be good by the supreme court. *Schroeder v. Miller*, 33 Mo. App. 33; Phillips on Mechanics' Liens. [2 Ed.] sec. 366*a*; 2 Jones on Liens, sec. 1454, p. 370; Bliss on Code Pleading [2 Ed.] sec. 173, and note 9. (5) These mechanics' lien laws "are highly remedial in their nature, and should receive a liberal construction." 63 Mo. 266; *De Witt v. Smith*, 46 Mo. 338; *Putnam v. Ross*, 598; s. c., 19 Mo. App. 357; *Hayden v. Wulfing*, and numerous cases there cited.

*Hardwicke & Hardwicke, Martin E. Lawson* and *W. M. Burris*, for respondents.

(1) The lien offered in evidence was properly rejected. *First.* Because it was not properly verified, the jurat of the officer not appearing to the pretended affidavit filed with the lien. Revised Statutes, 1889, sec. 6709. *Second.* Because the pretended affidavit is not made upon knowledge, but upon belief. *Roofing & Corrugating Co. v. Thatcher*, 6 S. Rep. 366; *Donnan v. Crozier*, 14 Kan. 224; *Childs v. Bostwick*, 12 Daly, 15; *Pickle v. Ezzell*, 27 Ala. 623; *Demins v. Coker*, 34 Ala. 611. (2) There was no attempt to amend the affidavit. The appellant offered to prove by the notary that the lien was verified according to law by the agent. The offer was to prove a conclusion of law, and not a fact.

ELLISON, J.—This is an action to enforce a mechanics' lien. On account of the trial court ruling that the affidavit to the lien paper was insufficient, plaintiff was compelled to suffer a nonsuit. Failing in his effort to have the same set aside he brings the case here. The affidavit was made by plaintiff's attorney and agent. It is as follows: ·

"STATE OF MISSOURI, } ss.
"County of Clay.

"J. E. Lincoln, agent and attorney for B. P. Finley, being duly sworn, on his oath says that he believes the foregoing is a just and true account, etc.

"(Signed)    JAMES E. LINCOLN.

"Subscribed and sworn to before me this sixth day of October, 1890.

"............................................................"

The objection to the affidavit is that it does not show the oath was administered, since there is no officer's signature to the jurat. And, *second*, that the affidavit purports to be upon the belief of affiant instead of his knowledge. Neither of these objections is sound. The affidavit purports upon its face to be the oath of the affiant. He signs the statement which he says is made on his oath. The fact that the jurat is not signed by the officer, shown to be an oversight, ought not to nullify the paper. He should be permitted to attach his signature yet.

As to the remaining objection, we are of the opinion that an oath on the belief of the affiant is a substantial compliance with the lien law. Phillips on Mechanics' Liens, sec. 366*a*. The case of *Laswell v. Church*, 46 Mo. 279, cited by plaintiff's counsel, sustains their contention on this appeal, and we will reverse the judgment and remand the cause. All concur.

ON MOTION FOR REHEARING.

PER CURIAM.—Plaintiff offered to prove that the affidavit was in fact properly sworn to. This he was not permitted to do. It was proper preliminary proof to an offer to attach the officer's signature, and it was error to exclude it. Without showing that the paper was in fact sworn to, the officer could not, of course, be permitted to sign the jurat. The action of the court prevented plaintiff from showing that which entitled him to perfect the affidavit. Plaintiff was pursuing the right course when arrested by the court's ruling. It is not going too far to say that, uninterrupted, he would have still pursued the proper course, and offered to have the officer sign. So we repeat that the officer should attach his signature yet, if the aforesaid preliminary proof is made. We assume it as true for the purposes of the opinion, because it was offered and excluded.

The fact that our statute permits the affidavit to be made by some person other than the plaintiff is sufficient reason for the holding that it may be made on knowledge and belief when made by such other person. Phillips in his work on mechanics' liens so states the law, and in the case of *Laswell v. Church, supra*, such an affidavit passed without criticism in this respect. The motion is overruled.