I. SMITH & SON COMPANY, APPELLANT, v. LOIS C. PARSONS ET AL., APPELLEES.

FILED SEPTEMBER 26. 1893.    No. 4695.

1. **Mechanics' Liens**: WAIVER BY ACCEPTANCE OF NOTE. The acceptance by a mechanic or material-man of the note of the debtor, or of a third person, for the amount of the debt maturing within the time fixed by statute for the enforcement of a mechanic's lien, is not alone sufficient to raise any presumption of the extinguishment of the original debt, or of the abandonment or relinquishment of the statutory right to a lien, but an agreement must be shown that it should have that effect.

2. ———: ———. Where a person entitled to a mechanic's lien expressly agrees to and does accept a note of a third person in full discharge of the amount due, he thereby abandons his lien.

APPEAL from the district court of Perkins county. Heard below before CHURCH, J.

*W. S. Morlan,* for appellant.

*C. C. Williams* and *A. F. Parsons,* contra.

NORVAL, J.

The plaintiff prosecutes this action to foreclose a mechanic's lien upon real estate held by the defendant, Lois C. Parsons, under and by virtue of a contract of purchase made with the Lincoln Land Company. The premises constitute the homestead of the said Lois C. and her husband, Albert F. Parsons. The Lincoln Land Company, the Parsons, and also all persons claiming mechanics' liens upon the property, were made defendants. Plaintiff furnished materials for the erection of a dwelling upon the real estate in controversy, and afterwards perfected its lien by filing a duly verified account of the materials so furnished in the office of the county clerk of Perkins county. The Parsons

answered, setting up as a defense that the plaintiff waived the statutory lien by the acceptance of the note of the defendant, Albert F. Parsons, in full payment of the debt secured by said lien. The court found that plaintiff accepted and received said note in full discharge and payment of said lien and debt. Upon the facts so found, it was adjudged that the property was not subject to a mechanic's lien in favor of the plaintiff.

That Mr. Parsons executed and delivered his note to the plaintiff, calling for $612.65, and that said sum covered the amount for which a lien was asked, and also a small account for coal, is undisputed. It was stipulated on the trial that plaintiff is entitled to a foreclosure for the amount claimed in the petition, unless the right to a lien was discharged by the taking of the note above alluded to.

It will not be presumed, from the mere acceptance by a mechanic or material-man of the note of the debtor, or of a third person, for the amount of the debt maturing within the period allowed by statute for the bringing of a suit to enforce a mechanic's lien, that the same was taken in payment of the debt; but in the absence of any proof upon the subject the presumption is that it was not so taken, and that it was not intended to operate as an abandonment or relinquishment of the statutory right to a lien. (*Milwain v. Sanford*, 3 Minn., 92; *Poter v. Talcott*, 1 Conn., 359; *Goble v. Gale*, 7 Blackf. [Ind.], 218.)

It was decided in *Hoagland v. Lusk*, 33 Neb., 376, that a mechanic's lien for materials furnished for the erection of a building under a contract with the owner is not waived by the acceptance of the promissory note of the debtor secured by a chattel mortgage, unless such was the intention of the parties. It is plain that the taking of distinct security is not inconsistent with an intention that the lien given by the statute shall also be enforceable, as both kinds of security may exist at the same time. As between the parties, the question of waiver is largely one of intent.

There can be no doubt, upon principle as well as author-
ity, that the acceptance by the creditor of the promissory
note of a third person, in pursuance of an agreement or
understanding that the same should be received as a pay-
ment and discharge of the original demand, waives the lien.
(Phillips, Mechanics' Liens, sec. 275; *Crooks v. Finney*, 39
O. St., 57; *McCoy v. Quick*, 30 Wis., 530.) The burden of
proof is upon the debtor to show, by clear and convincing
proof, that the creditor so agreed. (*Merrick v. Boury*, 4 O.
St., 60; *Leach v. Church*, 15 Id., 169.)

Applying the foregoing principles to the facts before us,
how stands the case at bar? The testimony in the record
bearing upon the question of waiver is conflicting. It
would be unprofitable to discuss at length the evidence, or
to set out the same in detail in this opinion. A brief ref-
erence to the testimony of the principal witnesses will be
sufficient. Mr. Parsons testified, in substance, that a few
days before the taking of the note he had a conversation
with one B. H. Smith, the secretary and treasurer of
plaintiff, in regard to the payment of the lien; that during
this talk it was agreed between them that witness should
give his note in full satisfaction of the debt secured by said
lien; that at said time Mr. Smith informed witness that
plaintiff had filed a mechanic's lien but did not desire to
foreclose it, stating, further, "We don't want to put you to
the trouble, and if you will give us a note in payment of
that claim it will save us that trouble and we will not have
to do it, and will be relieved from that necessity." Mr.
Parsons further testified that a few days after said conver-
sation he gave his note to plaintiff in pursuance of said
agreement. There is some other testimony in the record,
although it is meager, which tends to corroborate the wit-
ness Parsons. B. H. Smith testified, expressly denying
having any such conversation with Mr. Parsons, and fur-
ther that it was never agreed or understood between the
parties that Parsons should give his note in satisfaction of

the debt, but that the same was taken for the sole purpose of showing that the account for materials which went into the construction of the house was correct. It was the province of the district court to decide upon the conflicting testimony. This court invariably refuses to molest the findings of the trial court on questions of fact, unless they are manifestly against the clear preponderance of the testimony. This rule has been stated so frequently that it has become trite. We consider the finding of the trial court was justified by the evidence, and the judgment is

AFFIRMED.

THE other judges concur.