UNION STOCK YARDS STATE BANK, OF SIOUX CITY, IOWA, v. J. L. BAKER.

FILED DECEMBER 4, 1894. NO. 5868.

**Mechanics' Liens:** EFFECT OF TAKING COLLATERAL SECURITY: WAIVER. The right to a mechanic's lien, or to enforce it by the proper action, if filed, is not lost nor waived by the acceptance of collateral security for the payment of the account for material furnished or labor performed, unless such was the intention of the parties in the giving and taking of such security.

ERROR from the district court of Cuming county. Tried below before NORRIS, J.

*Kean & Sherman*, for plaintiff in error.

*T. M. Franse, contra.*

HARRISON, J.

The defendant in error commenced this action in the district court of Cuming county to foreclose a mechanic's lien on the northwest quarter of section 24, township 24,

range 5 east in said county. The lien, it appears, was based upon an account for lumber furnished to one Courtland Abrams, who was, at the time the lumber was furnished, the owner of the land, but, after the lien upon which this action is predicated was filed, transferred the property to the plaintiff in error. Abrams was made a party defendant to the action, but did not enter an appearance nor make any defense. The bank (plaintiff in error) filed an answer, in which it admitted the ownership of the land and denied all other allegations of the petition; pleading further that defendant in error had waived his right to enforce his lien by taking as other security for its payment certain notes, or such balance of the proceeds thereof as might remain after the payment therefrom of an indebtedness of the principal defendant, Abrams, to the Nebraska State Bank of West Point, for the payment of which the notes in question were in the hands of such bank as security; and that the defendant in error waived his right to foreclose his lien by certain representations made during the progress of the negotiations which resulted in the acquirement of the title by plaintiff in error to the land affected by this lien. A trial to the court resulted in a decree in favor of defendant in error, foreclosing his lien for the sum of $177. Motion for a new trial was filed on behalf of the bank, overruled on hearing, and the case brought to this court by petition in error.

The only petition in error filed is one entitled "petition on appeal." The trial and determination of this case in the district court was of date May 12, 1892, and the transcript was filed in this court December 12, 1892, more than six months after the rendition of decree by the trial court, too late to perfect an appeal, and hence, if considered in this court, it must be as an error proceeding.

The first point argued by counsel for plaintiff in error is that the evidence shows that there was a payment of $20.92 made to defendant in error, to apply on the lien in

suit, for which no credit was given either before or after
the suit, and the amount of the decree is for $20.92 more
than it should be, and for this reason erroneous. This was
not included in the motion for new trial, nor any part of
the petition in error, and, following the established rule of
this court, cannot be considered; but if properly before us,
it was not prejudicial to the rights of the bank, as the trial
court made a finding, and which was according to the evi-
dence, that there was due the defendant in error the sum of
$177, with interest at seven per cent per annum from De-
cember 13, 1889, but rendered judgment for $177 without
interest. If the interest had been computed and the credit of
$20.92 allowed, the judgment would have been for a larger
sum in favor of defendant in error than it now is.

It is further claimed that inasmuch as the notes belong-
ing to Abrams, which were in the Nebraska State Bank of
West Point as security for the payment of his indebtedness
to the bank, were also pledged to defendant in error to the
extent of any balance of them which should remain after
extinguishing the debt to the bank, and accepted by him as
collateral security for the payment of the amount of the
lien, he thereby waived his right to enforce the lien. The
acceptance of this security could not, and did not, in any
manner affect the lien, unless it was the intention at the
time it was taken that the lien was to be waived or the ac-
ceptance was to work such a waiver, and we are satisfied
from the evidence that no such intention was proved. (See
*Hoagland v. Lusk*, 33 Neb., 376.)

Another contention of plaintiff in error is that the de-
fendant in error made representations to third parties at
the time the land was conveyed to plaintiff in error and
which were communicated to plaintiff in error, by which
the lien was waived, or the defendant in error estopped to
assert it. It does not anywhere appear that defendant in
error at any time declared any intention of waiving the
rights acquired by filing his lien, or either expressed him-

self in such terms or acted in such a manner as to estop him from resorting to a foreclosure of the lien to obtain payment of the account. It is true that he was to receive the balance of the proceeds of the notes in possession of the bank, if any remained after its claim was paid, but this agreement was made with no intention, so far as the evidence discloses, of relinquishing any rights under the lien. The judgment of the district court is

AFFIRMED.