HERSH & SON v. W. L. CARMAN ET AL.

FILED JUNE 3, 1897.    No. 7350.

1. **Mechanic's Lien: WAIVER: NOTE.** From the mere acceptance of a note for the amount for which a claim for a mechanic's lien had been filed it is not necessarily to be inferred that such lien has been waived.

2. ———: FORECLOSURE: PETITION. A petition for the foreclosure of a mechanic's lien which shows the due filing of a claim for said lien, the taking of a promissory note for the amount thereof, and, in that connection, repudiating such note as having been given and taken under a misapprehension of the effect of accepting it, is not open to attack by a general demurrer.

ERROR from the district court of Thayer county. Tried below before HASTINGS, J. *Reversed.*

*J. B. Skinner,* for plaintiff in error.

*O. H. Scott, contra.*

RYAN, C.

On April 14, 1894, plaintiff filed in the district court of Thayer county a petition for the foreclosure of a

mechanic's lien.    A duly verified claim for such a lien
had been filed on June 24, 1892.    This action was there-
fore begun within the two years of the filing of the claim
for such a lien allowed by statute.    On February 6, 1894,
the purchaser of the lumber had executed to plaintiff a
promissory note for the amount remaining due, which
note, by its terms, was to mature on February 6, 1895.
To account for the existence of this note there were in
the petition these averments as to its execution: "It was
then and there understood and agreed between the
defendant and the plaintiff in error that the lien of
plaintiff would continue on said premises until the full
payment of the said note.    Plaintiff entered into such
agreement, being mistaken with respect to his own exist-
ing private legal rights, and was unaware that the terms
of the said contract was in contravention of the continued
existence and final enforcement of said lien.    He there-
fore brings said note into court and tenders its sur-
render and cancellation."    These allegations indicate
very clearly that it was the intention of neither the maker
nor the payee that the execution of the note should oper-
ate to waive the existing mechanic's lien.    On the con-
trary, these averments showed an intention to perpetuate
this lien beyond the time prescribed by law for its dura-
tion.    There was sustained a general demurrer to this
petition, and the plaintiff electing to stand on his peti-
tion, there was a judgment dismissing his action and for
costs.    His petition in error presents the correctness of
the ruling of the district court in the respect indicated.

In *Hoagland v. Lusk*, 33 Neb., 376, it was held by this
court that a mechanic's lien is not lost by the taking of
the note of the debtor for the balance due on account,
nor in such case, by giving to the latter a receipt in full.
In *Chapman v. Brewer*, 43 Neb., 890, there was approved
a proposition laid down in the above case that the ac-
ceptance by a material-man of a note and a chattel mort-
gage as collateral security for materials previously fur-
nished for the erection of a building under a contract

with the owner is not a waiver of the lien of the material-man, unless such was the intention of the parties. It was conceded in the case just cited that upon this question there was an irreconcilable conflict in the authorities, but a great many authorities were cited in support of the position taken by this court. It might be that the rights or equities of some of the defendants in this action could be shown to be superior to those of plaintiff, but such question must be presented by answer. The plaintiff sufficiently indicated by his averments that by the taking of the note he did not intend that a waiver of his right to foreclose his existing lien should be inferred. He duly tendered in court the note to be destroyed and disavowed all claims of right under it. Having repudiated all rights by virtue of this note, plaintiff made such averments as were necessary to entitle him to the foreclosure of his lien and accordingly prayed judgment. A petition of this form and substance was not open to a general demurrer. The judgment of the district court is therefore reversed and this cause is remanded for further proceedings not inconsistent with the views above expressed.

REVERSED AND REMANDED.