HIRAM M. NORTON *vs.* JOHN E. CLARK, and Building and Lot.
Hancock.    Opinion March 28, 1893.

*Lien.    Consent of owner.    Evidence.    R. S., c. 91.*

The consent of the owner of a building, that labor and materials may be furnished for its construction, may be inferred from the existence of a contract for such construction between the owner and a building contractor.

Stipulations in such a contract, that no liens should exist or be claimed for any labor or materials furnished by the contractor or others by him employed, will not bar a laborer and material man's lien who has not assented to it, although he introduces the contract in evidence to prove the owner's consent.

ON MOTION AND EXCEPTIONS.

This was an action to enforce a lien under R. S., c. 91, § 30. The suit was brought by the party furnishing labor and materials against the builder or contractor, who is in insolvency, and the building and land on which it stands.

The presiding justice in his charge to the jury, among other things, instructed them as follows, viz:

"I instruct you that when the owner of the land and buildings erected contracts with the builder, as in the present case, to construct a house upon the owner's land, and the builder employs workmen and contracts for materials entering into the

construction of the house, the consent of the owner of such building may properly be implied from the contract under which the house was built." Referring to the stipulation as to liens in the written contract between the builder and the owners he said:—"I instruct you that other parties having no knowledge of the terms of that contract would not be bound by its terms or stipulations although John E. Clark [the contractor] might be bound by this in relation to enforcement of his lien."

.        .        .        .        .        .        .        .        .        .        .

"I instruct you, from the evidence in this case bearing upon that question, that if Hiram M. Norton [the plaintiff] is otherwise entitled to a lien upon the building, he is not a sub-contractor in such a way as to prevent him from maintaining a lien for the labor or materials furnished by him entering into the construction of this cottage and appurtenances."

The jury returned a verdict for the plaintiff, and the defendant excepted to the foregoing instructions. He also filed a motion for a new trial.

*Deasy and Higgins*, for plaintiff.

Consent of owner properly implied. *Parker* v. *Bell*, 7 Gray, 431. Rule in Pennsylvania not followed in other States. *Benedict* v. *Hood*, 19 Am. St. Rep. 698, and cases in note, including *Mulrey* v. *Barrow*, 11 Allen, 152.

The statute of that State has no provisions like those contained in § 31 of our lien law. In this State the owner can protect himself against liens by giving timely notices. In Pennsylvania he must protect himself by contract if at all.

*Bedford E. Tracy*, for owner.

The contract is the basis of plaintiff's right to furnish work or materials. He cannot thrust it aside and neglect its terms. In *Benedict* v. *Hood*, 134 Pa. St. 289, and reaffirmed in *Wilkinson* v. *Brice* (1892), 1 Adv. Rep. Penn. p. 481, it is held that the sub-contractor is bound by the agreements in the builder's contract. *Vide, Schroeder, Galland*, 134 Pa. St. 277, and cases cited in opinion of court. *Shaver* v. *Murdock*, 36 Cal. 298; *Henley* v. *Wadsworth*, 38 Cal. 356.

EMERY, J. Under our Statute of Liens, R. S., ch. 91, the claimant of a lien for labor or material performed or furnished in erecting a building, must establish as a proposition of fact that he performed or furnished the labor or material, either by virtue of a contract with the owner of the building, or by the consent of such owner. In these cases before us, the plaintiff sought to establish the alternative fact, viz : that the labor and materials were performed and furnished by the consent of the owner.

He performed and furnished the labor and material at the request of one Clark, the defendant. At the trial, as tending to establish the fact of the owner's consent thereto, he offered in evidence a written contract between the owner and Clark providing for the erection of the building by Clark for a gross price, Clark to procure all the necessary labor and material. To this evidence the owner objected, but it was admitted and he excepted.

The fact that such a contract was made, clearly tends to prove that the owner consented to the furnishing of labor and materials by others at Clark's procuration. He could not reasonably have expected Clark to personally perform all the labor, and have on hand all the materials. He must have anticipated that Clark would procure much of the labor and materials from others. Hence his consent thereto may be reasonably inferred from his making such a contract.

The written contract when admitted and read in evidence, disclosed a stipulation by Clark, that no liens should exist or be claimed for any labor or materials furnished by Clark or by others employed by him. The owner claimed that this stipulation barred the plaintiff's lien,— though he had no previous knowledge of it,— he having acted under Clark and having put in the contract as part of his evidence. The court ruled otherwise and the owner excepted.

The argument is that, having put the contract in evidence, the plaintiff is bound by its terms. Not so. The plaintiff did not put it in as his contract, but only as a written admission by the owner tending to prove consent by him. The plaintiff, having

no knowledge of the stipulation, cannot be deprived by it of any rights he had acquired by contract or by statute, even though he prove it as a circumstance to establish such rights. Neither does the fact that the plaintiff was in Clark's employ make him subject to any stipulations Clark might choose to make with others. This particular stipulation, like all other stipulations, binds only those who made it or assented to it. The plaintiff did neither.    *Motion and exceptions overruled.*

PETERS, C. J., VIRGIN, LIBBEY, FOSTER and WHITEHOUSE, JJ., concurred.