[No. 1363.    February 4, 1911.]

THE HOUSTON-HART LUMBER COMPANY, a Corporation, Appellant, v. HARRY NEAL and F. C. HERBERT, Appellees.

### SYLLABUS (BY THE COURT).

1. When a person is employed by the owner of a lot in an incorporated city to construct a sidewalk in front of the same, and he purchases materials to be used, and which were used, in the construction of such sidewalk, the purchase of such materials will be considered as having been made at the "request" of the owner, within the meaning of Section 2218, Compiled Laws 1897, so as to entitle the material man to a lien therefor under the mechanic's lien laws.

Appeal from the District Court for Curry County, before WILLIAM H. POPE, Chief Justice.    Reversed and remanded.

WILLIAMS & RYAN for Appellant.

The contractor being the statutory agent of the owner and purchasing and using the materials in the construction of the improvement implies that the work is being done at the request of the owner.    C. L. 1897, sec. 2218; Pilz v. Killingsworth, 26 Pac. 305; Hill's Code, sec. 3676; Smith v. Wilcox, 74 Pac. 708; 27 Cyc. 90.

HARRY L. PATTON for Appellees.

The right to bind the land for materials furnished to be used in making improvements upon the street is not extended to the agent.    C. L. 1897, secs. 2217, 2218; Fleming v. Prudential Ins. Co., 73 Pac. 752, Colo.; Seeman v. Schultze, 28 S. E. 378, Ga.; Coenen v. Staub, 36 N. W. 877; Ford v. Springer Land Association, 8 N. M. 37; Anderson v. Bingham, 28 Pac. 145.

### OPINION OF THE COURT.

WRIGHT, J.—This was an action in the trial court, wherein the plaintiff, the Houston-Hart Lumber Company, was claiming a mechanic's lien for material furnished

and delivered to the contractor, who used such materials in the construction of a sidewalk built along, in front of, and adjacent to, certain town lots in the city of Clovis, owned by the defendants, Harry Neal and F. C. Herbert; the plaintiff's claim to the lien being based on Section 2218, of the Compiled Laws of 1897, on Mechanic's Liens, which reads as follows, to-wit: "Sec. 2218. Any person who, at the request of the owner of any lot in any incorporated city or town, grades, fills in, or otherwise improves the same, or the streets in front of, or adjoining the same, has a lien upon such lot for his work done and materials furnished." There is no controversy as to the facts in this case, and the only question involved is: "Does the purchase and use of material by the contractor in the construction of a sidewalk along and in front town lots, amount to the request of the owner for the purchasing of such materials, so as to bring the case within the provisions of said Section 2218?

Section 2217, being the section of the mechanic's lien law just preceding the section involved herein, after providing that every person performing labor upon, or furnishing materials to be used in, the construction, alteration or repair of certain structures, has a lien upon the same for the work or repair done or materials furnished, whether done or furnished at the instance of the owner of the building or other improvement, or his agent, provides that: "Every contractor, sub-contractor, architect, builder, or other person, having charge of any mining, or of the construction, alteration, or repair, either in whole or in part, of any building or other improvement, as aforesaid, shall be held to be the agent of the owner for the purpose of this act." It appears from the record in this case that the Houston-Hart Lumber Company sold and delivered to, one, Adams, seventy-five sacks of cement, which cement was to be used in the construction of a sidewalk in front of the property owned by the appellees herein. It also appears from the record in the case that Adams had made and entered into a contract with the appellees for the construction of this sidewalk at a stipulated price. The question involved is: Did this contract,

so made by Adams with the appellees, authorize and empower Adams to purchase the necessary materials, to-wit, cement, to the extent that the purchase of such materials be considered as made at the request of the owners of the property sought to be charged with a lien, within the terms of Section 2218, above quoted? This court has held, in the case of Ford v. Springer Land Association, 8 N. M. 37, that the mechanic's lien law, being remedial in its nature and equitable in its enforcement, should be liberally construed, overruling the case of Finane v. The Hotel Company, 3 N. M. 417, holding the contrary. Such being the rule of construction of the mechanic's lien law in New Mexico, what is a reasonable construction to be placed upon section 2218? Adams, having made a contract with the appellees to construct this sidewalk, was clearly authorized to do all the acts necessary and proper to enable him to fulfill his contract, and the appellees must have understood when they made such a contract that Adams was not going to do all of the work with his own hands, and that, in all probability, he did not have on hand all the materials necessary to construct such sidewalk, but that he would necessarily have to employ other labor and purchase the necessary materials. By making this contract he was fully empowered to do all of these things. Such being the case, from the making and executing of such a contract, the implication necessarily follows that the owners of the property consented to the employment of necessary laborers and purchase of necessary materials by the contractor. It being a necessary implication from the making of such a contract that the consent of the owners was given to the employment of necessary labor and purchase of necessary materials, we are of the opinion that a fair and reasonable construction of the statute under consideration is that when the owner of property enters into a contract similar to the one in the case at bar, and the contractor employs laborers to assist him and purchases necessary materials, that the services of such laborers and the furnishing of such materials must be considered as having been rendered at the request of the owners. Rockel on Mechanic's Liens, sec. 55, p. 139; Parker v. Bell, 7 Gray,

(Mass.) 429; Weeks v. Walcott, 15 Gray (Mass.) 54; Clark v. Kingsley, 8 Allen 543; Moore v. Erickson, 158 Mass. 71, 32 N. E. 1031; Pilz v. Killingsworth, 26 Pac. 305; Wilcox v. Turple, 74 Pac. 708; Norton v. Clark, 85 Me. 357, 27 Atl. 252. The decree of the court below must, therefore, be reversed and the cause remanded, with instructions to proceed in accordance with this opinion.

### SYLLABUS (BY THE COURT)

