[No. 1393. August 31, 1911.]

J. D. LYONS, Appellant, v. THOMAS HOWARD and LOUIS J. DESTREE, a Co-Partnership, doing business under the firm name of HOWARD & DESTREE, Appellees.

### SYLLABUS.

1. The mechanic's lien law is remedial in its nature and equitable in its enforcement and is to be construed liberally.

2. A substantial compliance with the mechanic's lien law as to the verification of a claim filed thereunder is all that is required in the absence of any statutory requirement as to the form of the verification.

3. It is not necessary that there should be an affidavit to the claim of lien under the mechanic's lien law. It is sufficient if the claim is signed by the party, and that the notary or other proper officer, under his signature and seal, says that it is sworn to by the person signing it.

4. Verification in case at bar deemed sufficient.

Appeal from the District Court for Curry County, before WILLIAM H. POPE, Chief Justice. Affirmed.

H. W. WILLIAMS for Appellant.

Lien statement should have been verified by oath. Dorman v. Crozier, 14 Kas. 224; City of Atchison v. Bartholomew, 4 Kas. 124; Western Plumbing Co. v. Fried, 81 Pac. 396, Mont.; Long v. Pocahontas Coal Co., 117 Ala. 587; Florence Bldg. Assn. v. Schall, 107 Ala. 531; Cook v.

Rome Brick Co., 98 Ala. 409; Globe Iron Co. v. Thacher, 87 Ala. 458; Merchants' Bank v. Hollis, 84 S. W. 269, Texas; 27 Cyc. on Mechanic's Liens 198; Arata v. Tellurium, etc. Co., 4 Pac. 195, Cal.; Parke & Lacy Co. v. Inter., etc Co., 82 Pac. 51, Cal.

Bowman & Dunleavy for Appellees.

A defendant by answering over after his demurrer to the complaint has been overruled cannot afterwards assign the ruling of the court as error. Winn v. Dillard, 60 Ala. 369; Garlington v. Priest, 13 Fla. 559; Robinson v. L'Engle, 13 Fla. 482; Platt v. Curtis, 89 Ill. App. 575; McDavis v. Ellis, 89 Ill. App. 182; Meredith v. Lackey, 16 Ind. 1; Griffin v. Wattles, 119 Mich. 346; Leggett v. City, 137 Mich. 247; Jefferson City Assn. v. Morrison, 48 Mo. 273; Barkley v. B. C. A., 153 Mo. 300; Brady v. Donnelly, 1 N. Y. 226; Fudge v. Payne, 86 Va. 303; Overland Dispatch Co. v. Wedeles, 1 N. M. 531; Young v. Martin, 8 Wall. 357; Watkins v. U. S., 9 Wall. 762; Aurora City v. West, 7 Wall. 92; U. S. v. Boyd, 5 How. 29; Clearwater v. Meredith, 1 Wall. 42; Curran v. Kendall Boot & Shoe Co., 8 N. M. 417; Campbell v. City of Haverhill, 155 U. S. 612; Campbell v. Wilcox, 10 Wall. 421; Bell v. Mobile & O. R. Co., 4 Wall. 598; Stanton v. Embrey, 93 U. S. 548.

The motion for a new trial was improper, the appropriate motion would have been "in arrest of judgment." 1 Spelling New Trial and Appellate Practice 12; Spanagel v. Dellinger, 38 Cal. 278; 14 Enc. P. & P. 829, 831; Mayor v. Johnson, 84 Ga. 279; Wilbanks v. Untriner, 98 Ga. 801; Jacks v. Buell, 47 Cal. 162; Roger v. Lacey, 23 Ind. 507; Hendry v. Cartwright, 13 N. M. 384; Arrellano v. Chacon, 1 N. M. 269; 2 Enc. P. & P. 796, 799.

Assignment of error too general. U. S. v. Rio Grande Dam & Irrigation Co., 10 N. M. 617; Eagle Mining Co. v. Hamilton, 14 N. M. 271; Hancock v. Beasley, 13 N. M. 239; Mogollon v. Stout, 14 N. M. 245.

Verification was sufficient. C. L. 1897, sec. 2221; Ford v. Springer Land Assoc. et al., 8 N. M. 37; 42 L.

ed., U. S. 515; Fiane v. Hotel, etc. Co., 3 N. M. 411; Gilliam v. Gard, 29 Ind. 292; Bank of British America v. Madison, 99 Cal. 129; Nofzinger Lumber Co. et al. v. Solomon, et al., 110 Pac. 474, Cal.; Minor v. Marshall, 6 N. M. 194; 27 Cyc. 22; Jones v. Kruse, 138 Cal. 613; Seattle Coal Co. v. Thomas, 57 Cal. 197; Corbet v. Chambers, 109 Cal. 178; Garrison v. Board, 61 Cal. 54; Woods v. Vernum, 85 Cal. 640; Finley v. West, 51 Mo. App. 569; Laswell v. Presbyterian Church, etc., 46 Mo. 279; Crans v. Epworth Hotel etc. Co., 121 Mo. App. 209; Revised Ill. Sts. 1889, chap. 82, sec. 4; Grace v. Oakland Bldg. Assn., 166 Ill. 637; Chapman v. Brewer, 43 Neb. 890; Dorman v. Crozier, 14 Kas. 224; Globe, etc. v. Thatcher, 87 Ala. 458; Great Western Mfg. Co. v. Hunter, 15 Neb. 33; Phillips on Mechanic's Liens, sec. 366; Election Cases, 65 Pa. 20; Grey v. Vorheis, 15 N. Y. Sup. Ct. 612; Conklin v. Wood, 3 E. D. Smith, 662; Child v. Bostwick, 12 Daly 15; Kealy v. Murray, 61 Hun. 619; Priest v. State, 6 N. W. 468, Neb.; 2 Bouvier's Law Dictionary 248; Hargoaine v. Van Horn, 72 Mo. 370; Kazartee v. Marks, 16 Pac. 407, Ore.; Hill's Code, Ore., sec. 3673; Jones on Liens, sec. 1452; Virginia Code, 1887, sec. 2476; Taylor v. Netherwood, 91 Va. 88; 27 Cyc. 198; Turner v. St. John, 8 N. D. 245; Wheelock v. Hull, 124 Ia. 752; Jackman v. Gloucester, 143 Mass. 380; Dobson v. Thurman, 101 S. W. 310; 27 Cyc. 200.

Attorney's fee allowable in Supreme Court. C. L. 1897, sec. 2229.

## STATEMENT OF THE CASE.

Appellees, plaintiffs in the court below, filed their bill of complaint to foreclose a subcontractor's lien against the property of appellant. One B. L. Kitchel, the original contractor, was also a party defendant, but did not appeal. The complaint was in the usual form, setting out the claim of lien sought to be foreclosed in full. Defendant Lyons, the appellant, demurred to the complaint on the grounds that the same did not state facts sufficient to constitute a cause of action, in that the claim of lien therein set out was "void and unenforceable for not being

legally and properly verified by a positive and unqualified
oath as required by law, but is verified only upon informa-
tion and belief." The verification in question is as fol-
lows: "I, Louis J. Destree, one of the partners of firm
of Howard & Destree, of lawful age, being first duly sworn,
upon oath say that I do make this verification for the firm
of Howard & Destree, the claimants herein named; that
I have read the within statement of lien and abstract of
indebtedness, and know the contents thereof, and that
the same is true and correct, to the best of my knowledge,
information, and belief." This demurrer was overruled,
to which appellant excepted. Later appellees answered by
general denial, and the cause came on for hearing. Upon
the cause being called for trial, appellant objected to the
introduction of any testimony, for the same reasons set
forth in the demurrer. This objection was overruled and
appellant excepted. The cause proceeded without the
appellant taking any further part therein. Decree was
entered in favor of appellees. The appellant thereupon
filed a motion, which he denominates a "motion for a new
trial," wherein he renews his original objection, and prays
that the "decision and judgment" of the court be vacated
and set aside. This motion was overruled, to which action
of the court appellant excepted. Notice of appeal was
given and appeal granted.

### OPINION OF THE COURT.

WRIGHT, J.—(After stating the facts as above).
Appellant assigns four errors, none of which assignments
would have stood the test of an exception duly taken there-
to. The only question attempted to be raised by such de-
fective assignments of error, however, being practically a
jurisdictional one, we will consider the same.

Is the verification sufficient under the provisions of
our statute? Section 2221 of the Compiled Laws of New
Mexico of 1897, provides: "Every original contractor,
within ninety days after the completion of his contract,
and every person, save the original contractor, claiming the
benefit of this act, must within sixty days after the com-
pletion of any building, improvement, or structure, or

after the completion of the alteration or repair thereof, or the performance of any labor in a mining claim, file for record with the county recorder of the county in which such property or some part thereof is situated, a claim containing a statement of his demands, after deducting all just credit and offset, with the name of the owner or reputed owner, if known, and also the name of the person by whom he was employed, or to whom he furnished the materials, with a statement of the terms, time given and condition of his contract, and also a description of the property to be charged with the lien, sufficient for identification, which claim must be verified by the oath of himself or of some other person."

The courts of New Mexico are committed to the doctrine that "the mechanic's lien law is remedial in its nature and equitable in its enforcement and is to be construed liberally." Ford v. Springer Land Assn., et al., 8 N. M. 37-48, affirmed 168 U. S. 513. This case reversed the earlier case of Finane v. Hotel Co., 3 N. M. 411. It may be taken as axiomatic that, if there is any particular form of verification required by the M. L. Law, such form must be followed.

It also follows, in the absence of any statutory requirement as to the form of the verification; that a substantial compliance therewith is all that is required. Minor v. Marshall, 6 N. M. 199; Phillips on Mechanics' Liens, 2 ed., sec. 366a; Boisot on Mechanics' Liens, sec. 452. No particular form of verification is required by our statute, nor is it specifically required thereby that the verification shall be true to the knowledge of affiant.

Nor is it necessary in this territory that there should be an affidavit to the claim of lien. "It is not necessary in this territory that there should be an affidavit to the claim. It is sufficient if the claim is signed by the party, and that the notary or other proper officer, under his signature and seal, says that it is sworn to by the person signing it. But a want of a verification, or of a sufficient verification, is a defect which goes to the whole claim and cannot be amended." Minor v. Marshall, cited

supra. It is to be noted that the case last cited was decided by this court under the earlier rule of strict construction laid down in the case of Finane v. Hotel Co., cited supra, which this court definitely repudiated in the later case of Ford v. Springer Land Assn., et al., cited supra. In support of his contention that the verification is not sufficient, appellant cites the following cases: Dorman v. Crozier, 14 Kas. 224; City of Atchison v. Bartholow, 4 Kas. 124; Western Plumbing Co. v. Fried, 33 Mont. 7, 81 Pac. 396; Long v. Pocahontas Coal Co., 117 Ala. 587, 23 South 526; Florence Bldg. Assn. .v. Schall, 107 Ala. 531, 18 South. 108; Cook v. Rome Brick Co., 98 Ala. 409, 12 South. 918; Globe Iron Co. v. Thacher, 87 Ala. 458, 6 South. 366. Considering the four Alabama cases first, we find that the Alabama statute requires that the statement or claim of lien shall be verified by the oath of the claimant or some other person having knowledge of the facts. Code Ala. 1886, sec. 3022. No such restriction appears in our statute. The decision in the case of Merchants' Bank v. Hollis, 37 Tex. Civ. App. 479, was given under the rule of strict construction to which the courts of Texas have consistently held. In Montana the claim of lien must be verified by affidavit. Section 2131, Code Civ. Proc. An examination of the case of Western Plumbing Co. v. Fried, 33 Mont. 7, 81 Pac. 394, cited by appellant, disclosed that the holding in that case to the effect that a statement of lien on behalf of a corporation, verified by its president on information and belief, was insufficient, is based upon the holding in the case of Benepe-Owenhouse Co. v. Scheidegger, 32 Mont. 424, 80 Pac. 1024, that a complaint verified upon information and belief was not an affidavit. The first Kansas cases cited, namely, City of Atchison v. Bartholow, 4 Kas. 124, holds that an application for an injunction verified on information and belief is not an affidavit within the statute requiring such application to be on affidavit. The case of Dorman v. Crozier, 14 Kas. 224, also cited by appellant, like the Montana case, cited supra, is based upon the holding in the earlier case that a verification on information and belief was not an

affidavit. It is apparent, therefore, that none of these cases have any bearing upon the question in this jurisdiction, where there is no particular form required, where no affidavit is necessary, and where the rule of liberal construction applies.

The verification of a claim of lien is not for the purpose of proving the lien. The statement of lien, verified as required by law, and recorded, is a mere notice that the claimant intends to avail himself of his right to a lien. As an evidence of his good faith in the matter, he must verify same on his own oath, or the oath of some other person. Nofziger Lumber Co. et al. v. Solomon et al., 13 Cal. App. 621, 110 Pac. 474. This court in the case of Ford v. Springer Land Assn., cited supra, in construing section 2221, C. L. 1897, quoted supra, held specifically that a substantial compliance with the statute was sufficient. Is the verification in question a substantial compliance with the lien law? The Missouri mechanics' lien statute requires that "where a lien is filed it should be verified by the oath of the person filing it, or some credible person for him." In the case of Finley v. West, 51 Mo. App. 569, the court held the following verification to be good as a substantial compliance with the statute:

"State of Missouri,
 "County of Clay.—ss.
 "J. E. Lincoln, agent and attorney for B. P. Finley, being duly sworn, on his oath says that he believes the foregoing is a just and true account, etc.
                        "(Signed) JAMES E. LINCOLN.
 "Subscribed and sworn to before me this sixth day of October, 1890.
                        "_____."

Also in the case of Crane v. Epworth Hotel etc. Co., 121 Mo. App. 209, 98 S. W. 795, it was held that an affidavit on information and belief as to who was the owner of the premises was sufficient to support a lien. In Illinois, where affidavit is required, the court held the following verification sufficient: "Frank D. Hyde, being duly sworn, deposes and says that the foregoing statement

or account or demand due, by him subscribed, is true, to the best of his knowledge and belief." Grace v. Oakland Building Assn., 166 Ill. 646, 46 N. E. 1105. In passing upon the sufficiency of such affidavit the court uses the following language: "As said in Springer v. Kroeschell, 161 Ill. 358, certainty to a common intent is all that is required in stating a mechanic's claim, and as the statute merely says that the statement must be 'verified by an affidavit,' no good reason can be perceived why any greater certainty is required in the affidavit than in the statement or demand itself. Besides, it will be noticed that this affidavit does not purport to be made upon information and belief, but states in positive language that the statement subscribed by affiant is true, and then is added the additional phrase "to the best of his knowledge and belief."

In Oregon, where the statute provides:—Hill's Code, sec. 3673,—"which claim shall be verified by the oath of himself, or some other person having knowledge of the facts," the court in Kezartee v. Marks, 16 Pac. 407, held the verification sufficient when in the following form:

"Subscribed and sworn to before me, ———25, 1886.

T. R. SHERIDAN, County Clerk."

In passing upon the same, the court said: "This statute does not prescribe any particular form in which such verification shall be made. No doubt, the better practice would be in the form of an affidavit, to be annexed to the claim, to the effect that the facts therein stated are true; but, the statute not having prescribed the form, we do not feel disposed to say that a claim signed by the party and verified by his oath is invalid." In Taylor et al. v. Netherwood, 20 S. E. 888, the court, in passing upon the sufficiency of a verification, said: "As to the verification of the account, the statute requires that the account shall be verified by the oath of the claimant or his agent. It prescribes no particular form of verification. At the foot of the account filed in this case is appended the certificate of the notary that James Netherwood personally appeared before him and 'made oath to the correctness of the account'. This is a sufficient verification

under the statute." In Chapman v. Brewer, 43 Neb. 890, 62 N. W. 320, it was held that an oath to a claim of lien made upon information and belief was a compliance with the requirements of the mechanics' lien statute, wherein it states that the claim for lien should be filed, "after making oath thereto." From an examination of the foregoing cases it is clear that there is no real conflict in the decisions. Wherever the courts have held that the mechanic's lien laws were remedial in nature and equitable in enforcement, such laws have been liberally construed. Wherever mechanic's lien laws have been held to be in derogation of the common law, the rule of strict construction has prevailed to a greater or less degree.

Having elected to follow the rule of liberal construction of mechanic's lien laws, we are constrained to hold the verification in this case sufficient. Any other construction would tend to defeat the very spirit of the law, and merely add to the already too numerous subtleties of the law.

There being no error disclosed in the record, the judgment of the lower court is affirmed.