623 P.2d 570

GARRETT BUILDING CENTERS, INC., a New Mexico Corporation, Plaintiff-Appellant,

v.

Garnet R. HALE and Winnie O. Hale, husband & wife, Troy Julian, Valley Savings & Loan Association, and all unknown claimants of interest in and to the surface only of the following described property, to-wit: Tract 34, Morning Sun Acres Subdivision, Lovington, Lea County, New Mexico, Defendants-Appellees.

GARRETT BUILDING CENTERS, INC., a New Mexico Corporation, Plaintiff-Appellant,

v.

Hershal JOHNSON and Norma J. Johnson, his wife, Troy Julian, First Federal Savings & Loan Association, now Valley Savings & Loan Association, and all unknown claimants of interest in and to the surface only of the following described property, to-wit: Lots 11 and 12, Block 69, Llano Addition to the City of Lovington, Lea County, New Mexico, Defendants-Appellees.

Nos. 12887, 12889.

Supreme Court of New Mexico.

Jan. 20, 1981.

Rehearing Denied Feb. 16, 1981.

Maddox & Maddox, John M. Renfrow, Hobbs, for plaintiff-appellant.

Templeman & Crutchfield, James E. Templeman, Lovington, for defendants-appellees.

## OPINION

SOSA, Senior Justice.

The issue on appeal is whether the trial court erred in denying plaintiff-appellant relief under the Mechanics and Materialmen's Lien statute, Sections 48–2–1 to 48–2–17, N.M.S.A. 1978.

Plaintiff-appellant, Garrett Building Centers, Inc. (Garrett), filed suit in two separate actions to foreclose materialmen's liens against the properties owned by defendants-appellees Hale and Johnson. Garrett had supplied materials and labor to contractor Julian which were used in the construction of the Hale and Johnson homes. Upon completion of the homes, Julian refused to tender the amounts due and owing under the oral contract with Garrett. Garrett drafted two separate materialmen's liens to cover the two jobsites and filed them within the statutory period set forth in Section 48–2–6, N.M.S.A. 1978. The liens were accepted and recorded by the clerk of Lea County. Garrett brought suit to foreclose the liens on the two properties and the actions were consolidated for trial in the District Court of Lea County. The trial

court found that the two liens were defective in that they were improperly verified, lacked acknowledgments, and failed to indicate that the alleged debts were for materials or labor supplied to the respective properties to be charged with the liens. Judgment was for defendants-appellees. We reverse.

■ Garrett's first point is that the trial court erred in finding that both liens were improperly verified. Section 48–2–6, N.M. S.A. 1978 provides that a materialman's claim of lien must be verified by the oath of the party or some other person. Verification is defined as "[c]onfirmation of correctness, truth, or authenticity by affidavit, oath, or deposition." *Black's Law Dictionary*, 1732 (4th ed. 1968). Paragraph 7 of the liens prepared by Garrett state:

> This Claim of Lien has been prepared and read by me and the contents of said lien are true and correct.

The notarization of the lien is as follows:

> SUBSCRIBED AND SWORN to before me this 4th day of October, 1978.

In *Lyons v. Howard & Destree*, 16 N.M. 327, 117 P. 842 (1911), this Court held that a similar verification was sufficient under the New Mexico Mechanic's Lien Law. It stated that the matters set forth in the claim of lien were "true and correct, to the best of my knowledge, information, and belief." The court held that "[n]o particular form of verification is required by our statute, nor is it specifically required thereby that the verification shall be true to the knowledge of the affiant." 16 N.M. at 331, 117 P. at 843. This statement of law is valid today and is consistent with the way the law concerning liens has been liberally construed by this Court.

We have repeatedly held that the Mechanic's Lien Law is remedial in nature, equitable in its enforcement and should be liberally construed. *Lyons v. Howard & Destree, supra; Lumber Co. v. Neal*, 16 N.M. 197, 113 P. 621 (1911); *Genest v. Las Vegas Masonic Bldg. Ass'n*, 11 N.M. 251, 67 P. 743 (1902). The verification requirement is a part of that law and is to be afforded the same liberal treatment. In *Hot Springs*

*Plumbing & Heating Co. v. Wallace*, 38 N.M. 3, 27 P.2d 984 (1933), the dissent of Justice Freeman in *Minor v. Marshall*, 6 N.M. 194, 27 P. 481 (1891), was adopted as the proper standard for the liberal construction to be afforded verifications. The *Hot Springs* court quotes the dissent with approval as follows:

> I think the better rule may be stated as follows, to-wit: That where it appears that the miner or mechanic has used words which by plain intendment were designed to operate as a verification, and where it is evident that the miner or mechanic was endeavoring to secure the benefit of the statute provided for such cases, and where such statement is sworn to, it ought to be regarded as a verification, within the meaning of the statute.

*Id.* at 13, 27 P.2d at 990.

> The verification of a claim of lien is not for the purpose of proving the lien. The statement of lien, verified as required by law, and recorded, is a mere notice that the claimant intends to avail himself of his right to a lien. As an evidence of his good faith in the matter, he must verify same on his own oath, or the oath of some other person.

*Lyons v. Howard & Destree, supra*, at 333, 117 P. at 843. The language contained in the two liens prepared by Garrett adequately verifies the truth and correctness of the liens' contents. The verifications were sworn to before a notary public, and they met the statutory requirement that the lien must be verified by oath of a party.

■ Garrett's next point is that the trial court erred in finding that the liens were defective in that they lacked proper acknowledgment entitling them to be recorded. Section 14–8–4, N.M.S.A. 1978, provides that:

> Any instrument of writing, duly acknowledged and certified, may be filed and recorded. Any instrument of writing, not duly acknowledged and certified, may not be filed and recorded, nor considered of record, though so entered;

Section 14–13–8, N.M.S.A. 1978 establishes the requirements of a valid acknowledgment as:

> The certificate of acknowledgment shall express the fact of the acknowledgment being made, and also, that the person making the same was personally known * * * to be the person whose name is subscribed to the writing or a part to it.

There is no language to this effect in the Garrett liens and we must agree with the trial court's finding that the liens should not have been recorded because they lacked acknowledgments sufficient to meet the statutory requirements for recordation. However, the facts of this case indicate that the liens, even though defective, were filed and recorded and were sufficient notice to the parties that the liens existed. Additionally the contents of the notices were sufficient to apprise the parties of the nature of the claims. For these reasons we reach a different conclusion than that of the trial court.

■ Materialmen's liens must be filed within the statutory period, after which the remedy becomes unavailable to the claimant. Liens are required to be filed and recorded so that notice may be given to subsequent purchasers in good faith and other parties in interest relying on the record status of the title to the lands described in the claims of lien. Although an acknowledgment is required before an instrument may be filed, in the absence of a statute so providing, an acknowledgment is not a part of an instrument, and is not necessary to its validity. § 14–13–12, N.M.S.A. 1978. *Vorenburg v. Bosserman,* 17 N.M. 433, 130 P. 438 (1913); *Kitchen v. Schuster,* 14 N.M. 164, 89 P. 261 (1907).

In *New Mexico Properties, Inc. v. Lennox Industries, Inc.,* 95 N.M. 64, 618 P.2d 1228 (1980), we held that an otherwise valid lien which lacked an acknowledgment, but had been filed and recorded, was valid and binding as between the parties to the action. The filing of the lien served to place the owner of the property to be charged on notice of the lienor's claim. Subsequent purchasers and other parties in interest were not affected because the lien was not considered of record, even though filed. *See* Section 14–8–4, N.M.S.A. 1978. The lienor was left with all the remedies normally available to a creditor, including the foreclosure of his lien.

■ We find the parties to this action to be placed in the same position. Garrett's liens contain defective acknowledgments and were improperly filed and recorded. Hale and Johnson were effectively placed on notice of the claim of liens. The lack of proper acknowledgments has no effect on the validity of the liens as between the parties. As the liens are valid and binding, the remedy of foreclosure is available to Garrett and the trial court erred in finding otherwise.

■ Garrett's third point is that the trial court erred in finding that the liens did not comply with the requirements of the lien statute. From the record, it appears that the liens do not technically meet these requirements. Section 48–2–6, N.M.S.A. 1978 provides that a claim of lien must state the demands of the party filing it, the name of the owner of the property, the name of the person by whom the party was employed or to whom he furnished materials, a description of the property sought to be charged with the lien, and a statement of the terms, time given and conditions of the party's contract. However, substantial compliance with this statute is required. *Marsh v. Coleman,* 93 N.M. 325, 600 P.2d 271 (1979); *Weggs et al. v. Kreugel, et al.,* 28 N.M. 24, 205 P. 730 (1922); *Lyons v. Howard & Destree, supra; Minor v. Marshall, supra.* In determining whether there has been substantial compliance, the purpose of the statutory requirements must be kept in mind, the primary object being to "give notice to subsequent purchasers and incumbrancers and inform the owner of the extent and nature of the lienor's claim." *Weggs, et al. v. Kreugel, et al., supra* at 27, 205 P. at 731. The liens prepared by Garrett do not indicate that the alleged debts are for material or labor supplied. However, they do state that they are materialmen's liens, and they do contain all of the other requisite information.

**454**

We therefore hold that the two liens prepared by appellant are sufficient to inform the *parties* of the lien and contain proper verifications even though they lack acknowledgments necessary for recordation. The liens are valid and binding between the parties and served to place appellees on notice. The decision of the trial court is reversed and the cause is remanded for further proceedings consistent with this opinion.

FEDERICI, J., and PHILLIP D. BAIAMONTE, District Judge, concur.