748 P.2d 10

**Henry ULIBARRI, Plaintiff–Appellee and Cross–Appellant,**

v.

**George GEE and Joan Z. Ball, individually and d/b/a Chama Realty, Defendants–Appellants and Cross–Appellees.**

**No. 17089.**

Supreme Court of New Mexico.

Nov. 30, 1987.

Rehearing Denied Dec. 28, 1987.

**638**

Miller & Wess, Hartley B. Wess, Albuquerque, for defendants-appellants and cross-appellees.

Montgomery & Andrews, Walter J. Melendres, James C. Murphy, Santa Fe, for plaintiff-appellee and cross-appellant.

## OPINION

RANSOM, Justice.

Henry Ulibarri, a building contractor, undertook to construct a building for George Gee and Joan Ball (Chama Realty) and timely filed a lien in connection with work and materials supplied. Upon failure of Chama Realty to pay amounts due under the construction contracts, principally on a cost plus ten percent basis, Ulibarri filed suit for damages and to foreclose his lien. Chama Realty responded by denying any balance due and counterclaimed for damages from overcharges and unworkmanlike construction. The district court tried the case without a jury and entered its decision for Ulibarri. Chama Realty appeals from an award of prejudgment interest, attorney fees and other costs. Ulibarri cross-appeals from a reduction of damages which he claims is without support in the district court's findings of fact or in the evidence adduced at trial. We affirm the trial court's judgment in all but one respect. We reverse the amount of the award of attorney fees as unreasonable and remand to the district court for entry of judgment consistent with this opinion.

The trial court found that (1) Ulibarri substantially performed his contracts with Chama Realty, (2) "A–1" labor and materials were furnished by Ulibarri, (3) all labor and materials utilized were necessary and reasonable and were actually incorporated in the construction, and (4) the prices charged for labor and materials were reasonable. For this construction work Chama Realty was found to owe $42,419.63, adjusted in the conclusions of law to $28,819.63. Additionally, the court awarded prejudgment interest of $4,607.19, and costs of $3,956.09 plus $30,100.71 as an attorney's fee.

■ Prior to trial, Ulibarri had been granted leave to amend his claim for damages from $27,054.37 to $42,419.63. (The verified claim of lien reflected a balance due of $27,529.37.) In foreclosing the lien, the court adjudged that the lien secured the payment of $28,819.63 for sums awarded to Ulibarri, plus interest, costs, and an attorney's fee. This five percent variance between the statement of lien and the proof at trial did not vitiate the lien. *See Weggs v. Kreugel*, 28 N.M. 24, 205 P. 730 (1922). Only substantial compliance with the lien statute is required. *Id.* "In determining whether there has been substantial compliance, the purpose of the statutory requirements must be kept in mind, the primary object being to 'give notice to subsequent purchasers and incumbrancers and inform the owner of the extent and nature of the lienor's claim.'" *Garrett Bldg. Centers, Inc. v. Hale*, 95 N.M. 450, 453, 623 P.2d 570, 573 (1981) (quoting *Weggs*, 28 N.M. at 27, 205 P. at 731).

■ Chama Realty nevertheless argues, for the first time on appeal, that the lien was rendered void by the amendment of the complaint and the proof at trial, increasing by over 50 percent the amount sought in damages. This argument is made in support of the point that, absent a valid lien and subsequent application of NMSA 1978, Section 48-2-14 (Repl.Pamp. 1987), there would be no basis for the award of attorney fees. In *Chavez v. Sedillo*, 59 N.M. 357, 284 P.2d 1026 (1955), a judgment for defendant on the pleadings was affirmed where there was no substantial similarity between the contract as set out in the claim of lien and as asserted in the pleadings to enforce the lien. Plaintiff was limited to a judgment on an account

stated, separate and apart from his claim to foreclose the lien. *See also Measday v. Sweazea,* 78 N.M. 781, 785, 438 P.2d 525, 529 (Ct.App.1968). Here, the amendment affected only the contract claim in Ulibarri's complaint, and he did not assert or prove a lien substantially greater than $27,-529.37. The claim of lien was not abandoned by joinder with a contract claim at variance with the claim of lien. Had we been inclined to the contrary, we would not have entertained this argument without its first having been raised in and passed upon by the trial court. *See Daughtrey v. Carpenter,* 82 N.M. 173, 477 P.2d 807 (1970).

The attorney's fee section of the legislation on mechanics' and materialmen's liens, NMSA 1978, Section 48–2–14 (Repl.Pamp. 1987), provides that the court may allow a reasonable attorney's fee in an action to enforce liens. While this Court has recognized that, under this statute, the allowance of attorney fees is discretionary, *Montgomery v. Karavas,* 45 N.M. 287, 114 P.2d 776 (1941), the exercise of that discretion must be reasonable when measured against objective standards and criteria.

The award of an attorney's fee, like the award of other costs of litigation, is not the same question as the determination of reasonableness of a fee as between the attorney and his client, or the actual expenses to be reimbursed the attorney by his client regardless of whether awarded under the cost bill. Under the rules of professional conduct, an attorney and his client may make any fee agreement that is reasonable considering (1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly, (2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer, (3) the fee customarily charged in the locality for similar legal services, (4) the amount involved and the results obtained, (5) the time limitations imposed by the client or by the circumstances, (6) the nature and length of the professional relationship with the client, (7) the experience, reputation, and ability of the lawyer performing the services, and (8) whether the fee is fixed or contingent. SCRA 1986, 16–105.

While the criteria under the rules of professional conduct may, in general, determine the reasonableness of a fee, *see Thompson Drilling, Inc. v. Romig,* 105 N.M. 701, 736 P.2d 979 (1987) (contract providing for reasonable attorney's fee if collection referred to attorney or claim of lien filed), the court does not set the fee as between the mechanic or materialman and his attorney. Under Section 48–2–14, the court simply allows recovery of a "reasonable attorney's fee" from the owner. Involved is a commercial setting in which the parties should be entitled to reasonable expectations regarding the fees to be assessed if defenses or counterclaims are interposed to enforcement of a lien. The award of fees associated with counterclaims and other questions collateral to enforcement of the lien must be closely scrutinized and are the exception, not the rule. *See Hiatt v. Keil,* 106 N.M. 3, 738 P.2d 121 (1987); *Thompson Drilling, Inc. v. Romig.*

Logic suggests that the net cost to plaintiff in enforcing a lien that is questionable in merit be more than where the defense is frivolous. Therefore, we decline to adopt time spent and quality of representation as determinative criteria in the allowance of attorney fees as costs in the successful enforcement of liens. The greater the contingency against recovery and the greater the prospects for a successful counterclaim, the plaintiff might expect to pay his attorney an hourly or percentage fee several times that which the trial court might award as costs. On the other hand, where the contingency against recovery is small, the entire attorney's fee may be awarded as costs. When the plaintiff has sued for a small sum clearly owed, then a higher percentage of the award may be reasonable as an attorney's fee. When the sum is large and the defense is most meritorious, a smaller percentage may be reasonable. The 105% awarded in this case was clearly excessive.

In the case before us, the defense was not without merit. It managed to reduce the contract claim from $42,419.63 to $28,-

819.63. However, the lien was enforced in full with the court having found that "A–1" labor and materials had been furnished. While the amount recovered was relatively small in relation to the time invested by Ulibarri's attorneys, what was at risk under the counterclaim accounts to a significant degree for the amount of the hourly billing.

█ While we would prefer to remand this case to the trial court for a reconsideration of fees, we would have to designate a judge to sit for the trial judge who has left the trial bench. *See, e.g., Merrick v. Deering,* 30 N.M. 431, 236 P. 735 (1925) (erroneous award of attorney fees will be reviewed on whole record instead of remanding for findings where trial judge is no longer in office). We believe the circumstances dictate that we settle the matter here, *see Thompson Drilling, Inc. v. Romig,* and, based upon the considerations discussed above, we allow an attorney's fee of $10,000.00, representing a near mid-point in the range of considerations.

█ Chama Realty next challenges the district court's award of $4,607.19 for prejudgment interest from December 17, 1983 through January 11, 1985. This challenge is grounded in Chama Realty's claim that the amount due was not readily ascertainable by mathematical calculation from the contract. However, the record supports Ulibarri on this point. From the beginning of construction in October 1983, regular invoices itemized charges for materials used and labor performed. *See State ex rel. Nichols v. Safeco Ins. Co.,* 100 N.M. 440, 671 P.2d 1151 (Ct.App.) *cert. denied,* 100 N.M. 327, 670 P.2d 581 (1983). The amounts due Ulibarri were readily ascertainable. Chama Realty also contends that the December 17 beginning date for the computation of interest was incorrect. The record indicates, though, that Chama Realty made its last payment to Ulibarri on December 16, leaving the balance due. Where the amount in question is ascertainable, prejudgment interest may be awarded at the judge's discretion. *Shaeffer v. Kelton,* 95 N.M. 182, 188, 619 P.2d 1226, 1232 (1980). We find no abuse of the court's discretion in the award of prejudgment interest.

█ Finally, Chama Realty challenges the district court's award of costs, specifically with regard to two expert witness fees. NMSA 1978, Section 38–6–4 (Repl. Pamp.1987), provides that "[t]he expert witness fee which *may be allowed by the court* shall be limited to one expert regarding liability and one expert regarding damages *unless* the court finds that additional expert testimony was reasonably necessary to the prevailing party and the expert testimony was not cumulative." (Emphasis added.) A review of the record indicates that the testimony of both experts was necessary to the proper presentation of Ulibarri's case. The district court did not abuse its discretion in allowing the fees of both expert witnesses as costs. A separate finding of reasonable necessity was not required. It can be inferred that Section 38–6–4 was considered by the court with respect to award of costs.

█ Ulibarri's cross appeal claims that the district court's decision to adjust the judgment by $13,600 is contrary to the findings of fact and is not supported by substantial evidence. Based upon comments from the bench, Chama Realty responds that the court resolved favorably for Chama Realty fact issues concerning whether wholesale or retail prices were to constitute the basis of the cost plus contract, involving a $10,600 difference, and whether incidental work necessary to complete construction required a $3,000 adjustment. In no event, however, may court comments from the bench be substituted for material facts appearing as findings in the decision. *Peace Foundation, Inc. v. City of Albuquerque,* 76 N.M. 757, 418 P.2d 535 (1966). It is in this sense that SCRA 1986, 1–052(B)(1)(g) provides that findings and conclusions appearing outside the single document decision will be disregarded. Such comments may be utilized only as an aid in understanding a decision of the court which is ambiguous. *See Walker v. L.G. Everist, Inc.,* 102 N.M. 783, 701 P.2d 382 (Ct.App.1985).

Although we recognize that, without reference to the bench remarks of the trial court, the findings of fact and conclusions of law are in conflict, we are persuaded that the $10,600 amount is well within the bounds of the testimony of Chama Realty's accountant. Furthermore, an examination of the record indicates that the $3,000 reduction is substantiated by the testimony. The bench remarks make clear why the court concluded the adjustments were required. We do not believe a remand for correction of the findings would result in a different award. Judicial economy must be considered when we contemplate remand for a merely ministerial or *pro forma* act. *Cf. Brown v. Hayes,* 69 N.M. 24, 27–28, 363 P.2d 632, 634–35 (1961). We affirm the court below on the issue raised in the cross appeal.

Based upon the foregoing, the judgment of the district court is affirmed in part, reversed in part, and remanded for entry of judgment allowing an attorney's fee consistent with this opinion.

IT IS SO ORDERED.

SOSA, Senior Justice, concurs.

STOWERS, J. (concurring in result; dissenting in part).

STOWERS, Justice, dissenting.

I concur in the result but dissent in part.

We have iterated many times that we will not disturb the decision of the trial court absent a showing of abuse. *Manzanares v. Lerner's, Inc.,* 102 N.M. 391, 393, 696 P.2d 479, 481 (1985); *Gallegos v. Duke City Lumber Co.,* 87 N.M. 404, 407, 534 P.2d 1116, 1119 (Ct.App.1975). In the instant case the trial court did abuse its discretion and we properly reviewed the case to correct this abuse. The standard of review was applied and it worked.

The majority now wants to limit the discretion of the trial court in all future cases by setting forth even more specific guidelines for determining attorney fees. We have repeatedly said we will not so limit the trial court's discretion. I strongly favor the right of the trial court to exercise its discretion and any unwarranted intru-

sion or curtailment of this discretion is neither necessary nor justifiable. We have already developed numerous criteria to assist the trial judge in establishing reasonable attorney fees. *Fryar v. Johnsen,* 93 N.M. 485, 487–88, 601 P.2d 718, 720–21 (1979); *see also Woodson v. Phillips Petroleum Co.,* 102 N.M. 333, 338–39, 695 P.2d 483, 488–89 (1985); NMSA 1978, § 52–1–54 (Repl.Pamp.1987).

I therefore dissent from that portion of the opinion.