This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**HARRIET HELTMAN,**

Plaintiff-Appellee,

v.                                                                    **NO. 31,837**

**ALBERT CATANACH,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF SANTA FE COUNTY**
**Sarah M. Singleton, District Judge**

Sawtell, Wirth & Biedscheid, P.C.
Bryan P. Biedscheid
Santa Fe, NM

for Appellee

Catron, Catron, Pottow & Glassman, P.A.
Richard S. Glassman
Santa Fe, NM

for Appellant

# MEMORANDUM OPINION

**HANISEE, Judge.**

**{1}** Defendant appeals a district court order enjoining him from subdividing his property to create two lots that are less than one-half acre, in violation of governing restrictive covenants. Determining that the district court did not abuse its discretion in granting Plaintiff's requested injunction, we affirm.

## BACKGROUND

**{2}** This is the second injunctive order issued by the district court in favor of Plaintiff and Defendant's second appeal arising as a result of his enjoinder. In the preceding appeal, we concluded that the covenants sought to "ensure that all properties contain only a single-family residence on a lot of at least one-half acre," *Heltman v. Catanach*, 2010-NMCA-016, ¶ 22, 148 N.M. 67, 229 P.3d 1239, and prohibited "dividing [a] lot into two lots that are less than one-half acre and maintaining a residential structure on each lot." *Id.* ¶ 13. We further determined that the district court erred in failing to consider evidence relevant to Defendant's "equitable defenses of changed conditions and waiver by acquiescence." *Id.* ¶ 26. We reversed and remanded to the district court for a new trial on the issue of whether those defenses should prevent enforcement of the covenants. *Id.* Specifically, we ordered the district court to consider evidence of other covenant violations in the

2

Lovato Subdivision No. 1 (subdivision), not limited to a single prior lot split, and evidence of Plaintiff's acquiescence and failure to undertake efforts to enforce the covenants against other violations. *Id.* ¶¶ 22, 24. After reviewing the new evidence and the district court's findings and conclusions, we determine that the district court did not abuse its discretion in concluding that the amount and nature of the change to the subdivision was not so significant or radical to warrant setting aside the covenants; that Plaintiff had not acquiesced to violations of the same or similar covenants and thereby waived her right to enforce the covenant at issue; and by granting injunctive relief in favor of Plaintiff. Because this is a memorandum opinion, the parties are familiar with the facts of the case, and we have already issued a formal opinion providing the relevant background information, we reserve discussion of pertinent facts where necessary to our analysis.

**DISCUSSION**

{3}    Defendant appeals the outcome of the trial on remand, arguing that the district court erred in ruling that there had not been a radical change in the subdivision, to which Plaintiff had acquiesced, and in enjoining his proposed lot split. Defendant and Plaintiff dispute the appropriate standard of review; however, a recent opinion from this Court, addressing the same legal issues as those before us, resolves the dispute. *See Myers v. Armstrong*, 2014-NMCA-051, ¶ 10, 324 P.3d 388 (stating that we review

a "district court's exercise of equitable powers under an abuse of discretion standard)." The defenses of acquiescence and changed circumstances are equitable defenses. *See Heltman*, 2010-NMCA-016, ¶ 26. "An abuse of discretion occurs when a ruling is clearly contrary to the logical conclusions demanded by the facts and circumstances of the case." *Sims v. Sims*, 1996-NMSC-078, ¶ 65, 122 N.M. 618, 930 P.2d 153. When reasons exist to both support and detract from a district court's decision, there is no abuse of discretion. *Talley v. Talley*, 1993-NMCA-003, ¶ 12, 115 N.M. 89, 847 P.2d 323.

**CHANGED CONDITIONS**

**{4}** Relevant to his equitable defense of changed conditions, Defendant argues that despite our directive to the contrary, *Heltman*, 2010-NMCA-016, ¶ 26, the district court failed to properly consider many properties based on the discernability of changes violative of the restrictive covenants. Defendant maintains that these properties illustrate that the subdivision is no longer representative of the original purpose of the covenants. He additionally contends that the district court erred by failing to consider the changed conditions in the aggregate. To support his contention, Defendant identifies twenty-eight of the seventy-eight properties within the subdivision that in his view effectuate substantial overall change. He contends that this percentage of change is alone significant enough to bar the enforcement of the

4

covenant. He further points to eight lots, not located within the subdivision boundary, that illustrate "dense development" in the area.

{5} Prior to trial, the parties stipulated that one lot in the seventy-eight lot subdivision had been split in the manner precisely identical to Defendant's proposed lot split. In addition to the two less than one-half acre lots created by the lot split, the parties agreed that there were three additional lots in the subdivision that were smaller than the one-half acre required by the covenants. The parties also stipulated that another subdivision covenant required that each property have only "one detached single-family dwelling [unit]," and they further agreed that four lots were used as churches, and six properties contained "more than one dwelling unit[,]" including both attached and detached guesthouses. The parties did not agree, however, as to whether all of these stipulated properties constituted covenant violations.

{6} In addition to these stipulated facts, both parties agreed that there were eight small lots that constituted "small lots with high density" outside the boundary of the subdivision. Plaintiff presented witness testimony and argument indicating that the subdivision retained its intended character despite the fact that over the approximately seventy-year history of the subdivision, some changes, several more visible and directly violative than others, had occurred within the neighborhood. On the other hand, Defendant argued that the properties stipulated as violating the covenants,

5

considered with the additional properties that Defendant asserted to have violated the covenants, constituted a radical change in the subdivision. We have carefully reviewed the facts which led to the district court's conclusions that "the amount and nature of the change within the [subdivision] is not so significant or radical that it warrants the setting aside of the [covenants] as a whole."

{7}    Under an abuse of discretion standard, our duty as an appellate court is to review the record to determine whether the district court has acted without reason and proper consideration and in disregard of the facts and circumstances of the case. *Perkins v. Dept. of Human Servs.*, 1987-NMCA-148, ¶ 20, 106 N.M. 651, 748 P.2d 24. Here, the district court prepared and compiled approximately nine pages of findings and conclusions, asserting its conformity with our instructions in *Heltman*, considered all changes within the subdivision, including the twenty-eight properties identified by Defendant, and explained the reasoning for its decision that there was no "radical" or "significant" change in subdivision. Under this highly deferential standard of review, it is not our place to reconsider evidence where it is apparent that the district court engaged in a thorough examination of the facts of the case and reached a legal conclusion that is supported by the evidence and findings. *See Perkins*, 1987-NMCA-148, ¶ 19 ("An abuse of discretion is established if the . . . lower court has not proceeded in the manner required by law, the . . . decision is not supported by the

6

findings, . . . the findings are not supported by the evidence[,]" or "when the decision is contrary to logic and reason."). Furthermore, this court has long recognized that "[w]here there is room for two opinions, the [district court's] action is not arbitrary or capricious if exercised honestly and upon due consideration, even though another conclusion might have been reached." *Id*. ¶ 20. Accordingly, our review of the record indicates that the district court thoroughly considered the evidence, explained its findings, and reached a logical conclusion supported by the law; we cannot substitute our own judgment for that of the district court in order to reverse its ruling.

**PLAINTIFF'S ACQUIESCENCE**

{8}     *Heltman* clarified that a "covenant should not be enforced by one who has acquiesced in prior violations of the covenant[,]" and that the party seeking to enforce the covenant can waive the right to enforce it if that party acquiesced "in a violation of the same or a different covenant on a restricted lot." 2010-NMCA-016, ¶ 23 (internal quotation marks and citation omitted). We identified relevant considerations of waiver, including "whether the party seeking to enforce the covenant had actual or constructive knowledge of the prior violations, the magnitude of the current violation as compared to prior violations, and whether the prior violations were temporary, occasional, or permanent." *Id*. We then ordered the district court to consider evidence of Plaintiff's acquiescence in covenant violations other than the previous lot split. *Id*.

7

¶ 25. Defendant argues that the district court erred in finding that Plaintiff had not waived her right to enforce the covenants as the record shows that Plaintiff failed to challenge certain violations of the covenants. He further asserts that where she did challenge the previous lot split, her efforts were insufficient.

{9} The district court's findings and conclusions reflect that, again in accordance with our instructions in *Heltman*, it considered the evidence of Plaintiff's acquiescence in other covenant violations to determine whether it was equitable to enforce the covenant against Defendant. *Id.* Indeed, the district court specifically indicated its compliance with *Heltman*, stating that it "has considered all changes and Plaintiff's conduct with respect to past enforcement of the [covenants] to adjudicate Defendant's claim that the doctrine of waiver by acquiescence should be applied to bar" enforcement of the covenants. After considering the evidence, the district court found that Plaintiff had no notice of a prior lot line adjustment; where she received notice of a prior lot split, she opposed the effort; two of the violative properties were constructed and used prior to Plaintiff's move to the subdivision; and with regard to single structure, multifamily usage violations, the changes were neither discernable nor permanent. Ultimately, the district court ruled that as a result of these findings, "Plaintiff ha[d] not waived her right to enforce the [covenants]" against Defendant.

{10} As with the changed conditions asserted by Defendant, the district court likewise conformed with our instructions in *Heltman* as to acquiescence, and it considered in depth the evidence relevant to Plaintiff's action or inaction with regard to other covenant violations in the subdivision. We cannot conclude that the district court reached an illogical conclusion or one unjustified by reason. *See Myers*, 2014-NMCA-051, ¶ 10; *Sims,* 1996-NMSC-078, ¶ 65. Accordingly, we determine there to be no abuse of discretion and affirm the district court's ruling on this matter.

**CONCLUSION**

{11} For the foregoing reasons, we affirm.

{12} **IT IS SO ORDERED**.


_____
**J. MILES HANISEE, Judge**

**WE CONCUR:**


_____
**CYNTHIA A. FRY, Judge**


_____
**M. MONICA ZAMORA, Judge**

9